IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KEVIN THOMAS, #42850-066**                                                     **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 5:08-cv-246-DCB-MTP**

**BRUCE PEARSON, Warden FCI-Yazoo**                                 **RESPONDENT**

### MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal after screening pursuant to 28 U.S.C. § 2243. On July 18, 2008, Petitioner Thomas, an inmate at the Federal Correctional Institute (FCI), Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Upon liberal review of the Petition [1], Amended Petition [3] and Attachment [4] filed by the Petitioner, this Court has reached the following conclusions.

Petitioner states that on April 30, 2001, he was re-sentenced to serve 180 months in the custody of the Bureau of Prisons based on his federal conviction for felon in possession of a firearm entered by the United States District Court for the Eastern District of Pennsylvania. Petitioner complains that he is being unlawfully denied a transfer to a facility within the Northeast Region of the Bureau of Prisons based on the failure of personnel at the FCI-Yazoo to follow federal statutes, program statements, regulations and policies. Petitioner requests that this Court order the Bureau of Prisons to "reconsider to transfer him back to the Northeast Regional facilities that would facilitate his release plans and also his prospective employment capacity." *Am. Pet.* [3], p.13.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  However, federal habeas relief cannot be granted unless the petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution.  *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir.2000).

It is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another.  *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir.1997).  The Bureau of Prisons has "sole discretion" to determine where a federal inmate will be housed. *United States v. Williams*, 65 F.3d 301, 307 (2d Cir.1995).  Because the transfer of a federal inmate to another correctional institution does not implicate a constitutional interest, Petitioner is not entitled to the requested relief.  *See Antonelli v. Mukasey*, 2008 WL 1790380, at *1 (5th Cir. Apr. 18, 2008)(federal inmate requesting transfer to a BOP facility within Minnesota was "not entitled to declaratory, injunctive, mandamus, or habeas relief on the merits of his allegations").

Conclusion

In sum, the Petitioner is  not entitled to placement in the correctional facility or location

of his choosing. As such, Petitioner has failed to state a viable claim for habeas corpus relief and this petition shall be dismissed, with prejudice.

A Final Judgment in accordance with this Memorandum Opinion shall be issued this date.

SO ORDERED, this the   16th   day of September, 2008.


                              s/ David Bramlette
                          UNITED STATES DISTRICT JUDGE